IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RONALD G. JOHNSON, :
:
    Plaintiff, :
:
v. : Civ. No. 10-934-LPS
:
BUREAU OF PRISONS, et al., :
:
    Defendants. :

---

Ronald G. Johnson, Wilmington, Delaware, Pro Se Plaintiff.

## **MEMORANDUM OPINION**

March 28, 2011
Wilmington, Delaware

Stark, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Ronald G. Johnson ("Plaintiff") filed this action pursuant to 28 U.S.C. § 1651 alleging violations of his civil rights.[1] At the time he filed the Complaint/Petition, he was housed at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware. He has since been released. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 10) The Court proceeds to review and screen the Complaint/Petition pursuant to 28 U.S.C. § 1915 and § 1915A.

## II. BACKGROUND

Plaintiff seeks a writ of mandamus to order the HRYCI to pay for postage to courts, attorneys, and family members. He alleges that the HRYCI refuses to pay his postage and, instead, charges them as debts requiring repayment. Plaintiff seeks an order to remove the debts charged him for postage. He also seeks declaratory and injunctive relief.

## III. STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

1

favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare

recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal,* 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the Complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *See id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal,* 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 570).

## IV. DISCUSSION

Plaintiff complains that the HRYCI refuses to pay his postage bills and charges the postage as a debt to his prison trust account. He makes specific reference to mailings to courts and attorneys. Hence, it appears that he alleges a denial of access to the courts.

Prisoners must be allowed "adequate, effective and meaningful" access to the courts. *Bounds v. Smith,* 430 U.S. 817, 821-22 (1977). This may require the state to shoulder expenses to ensure prisoners have meaningful access to the courts. *See id.* at 824. The inquiry is whether the prisoner is granted "a reasonably adequate opportunity to present claimed violations of

3

fundamental constitutional rights to the courts." *Id.* at 825. Accordingly, a state must provide prisoners an opportunity to send legal papers. *See id.* This does not mean, however, that prisoners have a constitutional right to unlimited free postage. *See White v. White*, 886 F.2d 721, 723 (4th Cir. 1989); *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987); *Chandler v. Coughlin*, 763 F.2d 110, 114 (2d Cir. 1985); *Hoppins v. Wallace*, 751 F.2d 1161, 1162 (11th Cir. 1985); *Twyman v. Crisp*, 584 F.2d 352, 359 (10th Cir. 1978); *Bach v. Coughlin*, 508 F.2d 303, 307 (7th Cir. 1974). The question is whether a prisoner is denied a reasonable or meaningful opportunity to access the courts. *See Bounds*, 430 U.S. at 825; *White*, 886 F.2d at 723; *King*, 814 F.2d at 568; *Chandler*, 763 F.2d at 114.

Plaintiff has not alleged that he has been unable to pursue any legal proceeding because of the cost of stamps. Rather, he asserts that the HRYCI charges his postage needs as debts and requires payment. Therefore, the denial of access to the courts claim must be dismissed.

In addition, Plaintiff's claims do not entitle him to either mandamus or injunctive relief. To be eligible for mandamus relief under 28 U.S.C. § 1361, a petitioner must satisfy three conditions. First, the party seeking issuance of a writ must demonstrate that he has "no other adequate means to attain the relief he desires." *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 (2004). Next, the petitioner must carry the burden of showing that "his right to the issuance of the writ is clear and indisputable." *Id.* at 381. Finally, "the issuing court . . . must be satisfied that the writ is appropriate under the circumstances." *Id.*

Similarly, a "preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the

4

defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *See Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (not published) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Plaintiff has failed to demonstrate his entitlement to a writ of mandamus or to injunctive relief. Moreover, both claims are now moot inasmuch as Plaintiff is no longer incarcerated.

## V. **CONCLUSION**

For the reasons discussed, the Court will dismiss the Complaint/Petition as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

An appropriate Order follows.